# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH MAHAI, JR. | * | |
| | * | |
| v. | * | Case No. PJM-10-3218 |
| | * | |
| BOBBY P. SHEARIN, WARDEN, et al. | * | |

******
## MEMORANDUM OPINION

On November 12, 2010, Petitioner Kenneth Mahai, Jr., *pro se*, filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his convictions for first-degree murder and deadly weapon charges. ECF No. 1. After Petitioner agreed to dismiss the unexhausted claims in his original petition, on May 20, 2011, Respondents Bobby Shearin, Warden of the North Branch Correctional Institution, and Douglas F. Gansler, the Attorney General of the State of Maryland, filed an Answer addressing the substantive merits of Petitioner's remaining two claims: that he was denied his constitutional right to a speedy trial; and that the evidence was insufficient to sustain the deadly weapons charges. ECF No. 11. For the reasons addressed herein, Mr. Mahai's petition will be denied.

**I.     Speedy Trial Issue**

    **A.     Procedural Background**

On November 20, 2005, Mahai was arrested and charged with the murder of Jermaine Morrison. Exh. 3 at 3.[1] On December 19, 2005, a grand jury indicted Mahai, and he was arraigned on January 25, 2006. *Id.* Counsel entered an appearance on February 22, 2006, and the first trial date was set for April 24, 2006. *Id.* On that date, Mahai requested a postponement

---

[1] All references to "Exhibit" or "Exh." refer to the sequentially numbered exhibits to ECF No. 4 (Respondents' original Response to Petition for Writ of Habeas Corpus) and ECF No. 11 (Respondents' May 20, 2011 Response to Petition for Writ of Habeas Corpus).

because he had new counsel. Exh. 7. A new trial date was scheduled for June 16, 2006. However, on May 31, 2006, the state forwarded additional discovery involving three witnesses, one of whom had been recently located. Exh. 8. Mahai therefore requested another postponement due to the late receipt of the additional discovery. *Id.* The next trial date was scheduled for September 7, 2006. Exh. 10. On that date, Mahai was ready for trial, but the State requested a postponement because a key witness had been released from jail and could not be located. *Id.* The court granted the postponement over Mahai's objection. *Id.* On October 20, 2006, the State requested another postponement because the same key witness had been arrested in New Jersey and required extradition. Exh. 13. Mr. Mahai again objected to the postponement. *Id.* On the next trial date, November 15, 2006, the key witness was not in court, having been released from custody by a New Jersey judge. Exh. 14 at 2-3. At that time, Mahai first took the position that the continued delay in bringing him to trial was of constitutional proportion. *Id.* at 10. The court granted another postponement to locate the witness. *Id.* at 12-13. On December 6, 2006, the state advised that it was not prepared to start trial because of witness problems, and was granted a 24-hour postponement. Exh. 16. On December 7, 2006, the State entered a *nolle prosequi* on the record, because several of its witnesses remained unavailable. Exh. 17 at 5.

On February 7, 2007, another arrest warrant was issued for Mahai for the same murder. Exh. 3 at 6. He was arrested on April 13, 2007, and indicted on April 19, 2007. *Id.* On August 7, 2007, after extensive argument, the trial court denied Mahai's motion to dismiss the second indictment on speedy trial grounds. Exh. 21. Following his conviction, Mahai appealed the speedy trial issue. In its September 8, 2009 opinion, the Court of Special Appeals of Maryland

ruled that Mahai had not been deprived of the speedy trial guarantees of the Sixth Amendment. Exh. 4 at 7-13.

### B. Legal Standards Governing Habeas Petitions

The amendments to 28 U.S.C. § 2254, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), require this Court to limit its analysis to the law as it was "clearly established" by precedent at the time of the state court's decision. Section 2254 provides:

> "(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of Petitioner's case. *Williams v. Taylor,* 529 U.S. 362, 413 (2000); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002). In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003) (citing *Williams,* 529 U.S. at 407). To be "unreasonable," the state court's application of Supreme Court precedent must have been more than incorrect or erroneous. *See Lockyer,* 538 U.S. at 75. The state court's application must

3

have been "objectively unreasonable." *See Williams v. Taylor,* 529 U.S. at 409, *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

### C. Analysis

Mahai has not meet his high burden to prove that the state court's application of Supreme Court precedent was objectively unreasonable. The state appellate court applied the four factor test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). That test requires that the court consider the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.*

The total time from Mahai's first arrest to the commencement of his trial was approximately twenty and one-half months.[2] That length of delay is clearly sufficient to trigger a *Barker* analysis, which the state appellate court completed. *See Doggett v. United States*, 505 U.S. 647, 652 n. 1 (noting that courts generally deem delay sufficient to trigger *Barker* as it approaches one year).

On the first factor, the *Barker* court noted that the amount of tolerable delay "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530-31. "To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* The state appellate court found that Mahai was charged with murder, which is an inherently serious charge warranting a

---

[2] The state appellate court noted that Maryland law permits the period preceding an earlier dismissal to be subtracted for purposes of speedy trial analysis where the state terminates a prosecution in good faith without intention to circumvent the speedy trial right. Exh. 3 at 8 (citing *State v. Henson*, 335 Md. 326 (1994)). If that time is subtracted, only a four-month delay occurred between the second indictment and trial, which would not require speedy trial analysis. For the purposes of this motion, however, this Court will consider the full twenty and one-half month time period between the original arrest and the trial.

4

longer delay. Exh. 3 at 9. It concluded that the length of delay, therefore, was not determinative in a speedy trial analysis of Mahai's case. *Id.*

The state appellate court next considered the second factor, the reason for delay. Exh. 3 at 9-11. Mahai's trial was postponed from April 24, 2006 until September 7, 2006 due to defense requests; that four and one-half month period is not fairly attributable to the State. Exh. 7-9. The next postponements, which resulted in a three-month delay from September 7, 2006 until December 7, 2006, resulted from one or more missing witnesses for the State. Exh. 10-17. The *Barker* court noted the difference between a delay intended to hamper or prejudice the defense and "a valid reason, such as a missing witness, [which] should serve to justify appropriate delay." 407 U.S. at 531. Under the *Barker* rationale, the state appellate court concluded that the ninety-one day delay resulting from the missing witnesses was appropriate. Exh. 3 at 10. The state appellate court also did not consider the period between December 7, 2006 and Mahai's reindictment in February of 2007 to be "delay," because Mahai did not face charges during that time. Exh. 3 at 11.

The state appellate court afforded "strong evidentiary weight" to the third factor, namely Mahai's failure to invoke his speedy trial rights until approximately one year after his arrest. Exh. 3 at 11-12. The first invocation was on November 15, 2006. Exh. 14 at 10.

Finally, in analyzing the fourth factor, the state appellate court acknowledged that the pretrial incarceration likely caused Mahi "anxiety and concern," but noted that there was no evidence that the delay in trial prejudiced Mahai's defense. Exh. 3 at 12. "In fact, at the hearing on Mahai's motion to dismiss, defense counsel admitted that Mahai had not lost any witnesses or evidence as a result of the delay." *Id.* The Court of Special Appeals summarized its analysis as follows:

5

> Balancing all of these factors, we conclude that Mahai's right to a speedy trial was not violated. In light of the severity of the charges against Mahai, we do not weigh the delay of approximately twelve and one-half months from Mahai's initial arrest to the State's dismissal of charges heavily against the State. Because there is no evidence of bad faith or negligence by the State in failing to secure its witnesses for trial, dismissing charges against Mahai, and subsequently re-charging him, we do not weigh the reasons for the delay against the state. We accord "great evidentiary weight" to the fact that Mahai failed to assert his speedy trial right until nearly one year after his initial arrest. Finally, there is no evidence that Mahai suffered any prejudice as a result of the delay. Because Mahai's right to a speedy trial was not violated, the court did not err in denying his motion to dismiss.

Exh. 3 at 12-13.

Mahai has not shown that he suffered actual prejudice from the delay. He has failed to provide clear and convincing evidence that the state court's analysis constituted an objectively unreasonable application of Supreme Court law. Because the state court appropriately considered each of the factors listed by the Supreme Court in *Barker,* this Court must deny Mahai's claim for habeas relief. *See Hill v. Shearin*, Docket No. RWT-10-cv-1689, 2011 WL 2413348 at *4-5 (D. Md. June 8, 2011).

### 2. Deadly Weapon Issue

After a jury trial, Mahai was convicted of first-degree murder, carrying a dangerous weapon openly with intent to injure, and carrying a concealed dangerous weapon. Exh. 3 at 1. All of the charges related to the stabbing death of Jermaine Morrison on October 25, 2005. Exh. 3 at 2. On appeal, the Court of Special Appeals reversed Mahai's convictions on the two dangerous weapon counts, and remanded those counts for further proceedings. Exh. 3 at 2, 13-26. On remand, the State entered *nolle prosequi* as to the dangerous weapons counts. Exh. 1.

To the extent Mahai challenges his convictions on the dangerous weapons counts, he is no longer being detained on those counts, which have been dismissed. Habeas relief is therefore inappropriate. In his reply memorandum, Mahai appears to argue that the erroneous jury

instructions which caused the reversal of his convictions on the dangerous weapons counts also affect the validity of his murder conviction. ECF No. 7 at 12. However, Mahai did not present a challenge to the jury instructions pertaining to the murder conviction or a challenge to the sufficiency of the evidence on the murder conviction to the state appellate courts. Exh. 2. A federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). "The petitioner's duty to exhaust is codified in 28 U.S.C. § 2254(c), which provides that '[a]n applicant shall not be deemed to have exhausted [state remedies] ... if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Because Mahai has not raised the challenges to his murder conviction on appeal to the state courts, those claims have been procedurally defaulted and are not cognizable in this forum.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this

standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.


Dated: December 28, 2011                              /s/
                                           Peter J. Messitte
                                           United States District Judge